# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-586V
(not to be published)

```
* * * * * * * * * * * * * **
OKSANA MOTUZYUK,                *
on behalf of A.R.K.,            *          Special Master Corcoran
                                *
        Petitioner,             *          Filed: July 24, 2019
                                *
v.                              *
                                *          Attorney's Fees and Costs; Denial
SECRETARY OF HEALTH             *          of Entitlement; Reasonable Basis;
AND HUMAN SERVICES,             *          Autism.
                                *
        Respondent.             *
                                *
* * * * * * * * * * * * * * ***
```

*Yuri Jelokov*, Farrish Johnson Law Office, Mankato, MN, for Petitioner.

*Voris E. Johnson*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

**DECISION DENYING AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On April 25, 2018, Oksana Motuzyuk, on behalf of her minor son, A.R.K., filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] ECF No. 1. Petitioner alleged that a Pentacel vaccine (containing the diphtheria-tetanus-acellular pertussis ("DTaP"), inactivated polio ("IPV"), and haemophilus influenzae type b ("Hib") vaccines) A.R.K. received on April 29, 2015, caused him to suffer an Autism

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Spectrum Disorder ("ASD"). *Id.* at 1–2.

Soon after the Petition's filing, I explained to Petitioner that her case appeared indistinguishable from countless prior claims alleging that a vaccine administered to a child caused an ASD—and that such claims had never found success. *See* Order at 1, dated July 6, 2018 (ECF No. 7) (citations omitted). I therefore invited Respondent to request the claim's dismissal with the filing of his Rule 4(c) Report, if it appeared after review of the records that none of the narrow, exceedingly rare circumstances in which petitioners have in the past received compensation for a developmental injury post-vaccination (almost always because the injured child experienced a demonstrated encephalopathy requiring immediate medical intervention). *Id.* at 2.

Respondent did so on November 13, 2018. *See generally* Mot. to Dismiss (ECF No. 12); Resp't's Rule 4(c) Report in Support of his Mot. to Dismiss (ECF No. 13). Petitioner filed her opposition to such relief on December 7, 2018. *See generally* Pet'r's Objection to Resp't's Mot. to Dismiss (ECF No. 14). After reviewing these filings, I granted Respondent's Motion to Dismiss in a decision dated February 14, 2019. ECF No. 16. Noting that Petitioner had failed to distinguish her claim from the countless unsuccessful past Vaccine Program cases involving allegations of vaccine-caused ASDs, I stated therein that "Petitioner's claim as alleged lacks reasonable basis." *Id.* at 8. The dismissal was not appealed.

Petitioner has now moved for a final award of attorney's fees and costs. *See* Appl. for Fees and Costs, filed May 20, 2019 (ECF No. 19) ("Fees Mot."). Petitioner requests a total award of $10,246.09, reflecting $9,075.00 in attorney's fees (billed between April 2018 and April 2019) and $1,171.09 in costs (most of which were incurred to obtain medical records). *See* Ex. C to Fees Mot. at 1–8, filed May 20, 2019 (ECF No. 19-2). Respondent reacted to the Fees Motion on May 24, 2019, deferring to my discretion on the question of whether the Act's requirements for an award of fees and costs had been met. *See* Response at 2 (ECF No. 20).

## ANALYSIS

I have in many cases discussed the legal standard for assessing whether an unsuccessful Vaccine Act claim possessed sufficient reasonable basis for a fees award. *See, e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *4–5 (Fed. Cl. Spec. Mstr. May 26, 2016), *aff'd on other grounds*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5–6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). A petitioner can receive a fees award even if her claim fails, but to do so she must demonstrate the claim's reasonable basis through some objective evidentiary showing and in light of the "totality of the circumstances." *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 303, 303 (2011)).

As noted above, I stated in the February 2019 Dismissal Decision that Petitioner's claim lacked a reasonable basis. Decision at 8. This assessment was grounded in the fact that Petitioner had not demonstrated how her claim could be meaningfully distinguished from the numerous past Program decisions finding that vaccines do not cause autism, either on factual grounds or in regard to the proffered causation theory. *See id.* She was also unable to identify objective record evidence establishing that A.R.K. had experienced an encephalopathy severe enough to precipitate sudden developmental change. The medical record overall simply lacked any objective evidence to suggest the claim had a reasonable basis—that evidence existed that would differentiate this case from the hundreds before it that have relied on similar facts but been dismissed.

Although she was on notice of my assessment that the claim lacked reasonable basis, Petitioner has made no attempt to show why I should now find otherwise in her application for fees and costs. *See generally* Fees Mot.

I therefore have no reason to reconsider my prior determination that the claim lacked a reasonable basis from its inception. I am mindful of the fact that the total sum requested for counsel's work in this matter is modest, and I would in most cases prefer to find some reason to award counsel their fees despite their inability to successfully prosecute a vaccine injury claim. But claims asserting autism as a vaccine injury are of an entirely different nature. Extensive Program case law has been generated over the past ten years establishing the foundational weakness of such claims. It is incumbent upon attorneys representing petitioners to make themselves aware of these decisions—and then in turn to refuse to file such claims (except in the exceedingly rare circumstances mentioned herein). It is appropriate to place the risk of a fees denial on attorneys who act in the face of such unnecessary risk.

## CONCLUSION

Accordingly, Petitioner's Motion for Attorney's Fees and Costs is hereby DENIED. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[3]


**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.